**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL DAVIS,

       Petitioner,

v.                                      No. 19-cv-174 MV-SCY

RICARDO MARTINEZ, *et al*,

       Respondents.

## OPINION AND ORDER TO SHOW CAUSE

       This matter is before the Court on Michael Davis' 28 U.S.C. § 2254 habeas corpus petition. Doc. 1. Davis asks the Court to vacate his state convictions for criminal sexual contact based on, inter alia, ineffective assistance of counsel and due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Davis to show cause why his habeas petition should not be dismissed as untimely.

### I.  Procedural Background

       The procedural history in this case is fairly complex. To better interpret the citations in the Petition, the Court took judicial notice of Davis' state court criminal docket, Case No. D-905-CR-2012-00443. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

       On January 2, 2014, Davis pled guilty to two counts of criminal sexual contact with a minor in violation of N.M.S.A. § 30-09-13. Doc. 1 at 1. The state court sentenced him to fifteen years imprisonment, five of which were suspended. *Id.* Judgment on his conviction and sentence was entered February 5, 2014. *See* Judgment and Sentence in case no. Case No. D-905-CR-2012-00443.

Davis did not initially appeal. However, on April 23, 2014, he filed the first of several motions to withdraw his plea or correct the judgment. *See* Mnt to Reopen in case no. Case No. D-905-CR-2012-00443. The following timeline reflects the state court docket activity between 2014 and 2019.[1]

April 23, 2014: Davis files the first motion to withdraw his plea.

April 7, 2015: The state court denies the motion.

May 8, 2015: Davis does not appeal, and the 30-day appeal period expires.

**- 90 days pass -**

August 6, 2015: Davis files another motion to withdraw his plea.

Sept. 11, 2015: The state court denies the motion.

Oct. 8, 2015: Davis files a motion to reconsider.

Oct. 28, 2015: The state court denies the motion.

Nov. 28, 2015: Davis does not appeal, and the 30-day appeal period expires.

**- 44 days pass -**

Jan. 11, 2016: Davis files another motion to reconsider.

Feb. 4, 2016: Davis files an untimely appeal, which is dismissed with no impact on the timeline. *See U.S. v. Terrones-Lopez*, 447 Fed. App'x. 882, 884-85 (10th Cir. 2011).

May 23, 2016: The state court denies the Jan. 11, 2016 motion to reconsider.

June 23, 2016: Davis does not appeal that order, and the 30-day appeal period expires.

**- 510 days pass –**

---

[1] The Court assumes, without deciding, that a 30-day appeal period should be added each time the state court denied a motion by Davis, as this calculation method benefits Davis and does not change the result in this case.

Nov. 15, 2017: Davis files a state habeas petition.

March 16, 2018: The state court denies the petition.

Dec. 21, 2018: Davis files another motion to reopen.

Jan. 8, 2019: The state court denies the motion.

*See* Doc. 1; Case No. D-905-CR-2012-00443.

On March 4, 2019, Davis filed the instant § 2254 Petition in this Court. Doc. 1. He prepaid the $5 filing fee, and the case is ready for initial review.

## II.   Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the Judgment was entered on February 5, 2014, and Davis did not initially

appeal. His conviction therefore became final on March 7, 2014, when the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). For simplicity, the Court will assume Davis' various state court motions to reopen/reconsider/correct sentence tolled the limitations period under § 2244(d)(2) (tolling during state habeas proceedings). The Court will also assume the one-year period was tolled through June 23, 2016, when the appeal period expired in connection with his fourth motion to reopen/reconsider. There was no tolling activity[2] during the next year, meaning the one-year period expired no later than June 23, 2017. Any state court habeas petitions filed after that date did not- as Davis may believe - restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001). The § 2254 Petition filed on March 4, 2019 therefore appears to be time-barred.

Based on the forgoing, the Court will require Davis to show cause within thirty (30) days of entry of this Order why his § 2254 petition should not be dismissed as untimely. If he disputes the timeline set forth in the background section of this Opinion, he must specify which date he believes is incorrect, and why. If Davis concedes his § 2254 Petition is untimely or declines to respond to this Order, the Court may dismiss this habeas action without further notice. *See United*

---

[2] In considering potential tolling activity, the Court disregarded Davis' untimely criminal appeal.  Although the appeal was pending between February 4, 2016 and March 2017, "untimely notices of appeal d[o] not delay the onset of the [one-year habeas] limitations period." *See U.S. v. Terrones-Lopez*, 447 Fed. App'x. 882, 884-85 (10th Cir. 2011). *See also Sherratt v. Friel*, 275 Fed. App'x 763, 767 (10th Cir. 2008) ("The pendency of an untimely appeal, . . . is not considered 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244).

*States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar . . . may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Davis must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE