IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAVIS,

    Petitioner,

v.                                                                                                  No. 19-cv-174 MV-SCY

RICARDO MARTINEZ, and
HECTOR BALDERAS,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Michael Davis' 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Petitioner asks the Court to vacate his state convictions for criminal sexual contact based on, inter alia, ineffective assistance of counsel and due process violations. The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed as untimely. Having independently researched the state docket to confirm the time-bar, and because Petitioner cannot establish grounds for tolling, the Court must dismiss the Petition.

**I. Procedural Background**

The background facts are taken from the Petition (Doc. 1) and the state court docket in Petitioner's state court criminal docket, Case No. D-905-CR-2012-00443. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

On January 2, 2014, Petitioner pled guilty to two counts of criminal sexual contact with a

minor in violation of N.M.S.A. § 30-09-13. (Doc. 1 at 1). The state court sentenced him to fifteen years imprisonment, five of which were suspended. *Id.* Judgment on his conviction and sentence was entered February 5, 2014. *See* Judgment and Sentence in case no. Case No. D-905-CR-2012-00443. Petitioner did not file a direct appeal. However, on April 23, 2014, he filed the first of several motions to withdraw his plea or correct the judgment. *See* Motion to Reopen in Case No. D-905-CR-2012-00443. The following timeline reflects the state court tolling activity between 2014 and 2019.[1]

> April 23, 2014: Petitioner files the first motion to withdraw his plea.
>
> April 7, 2015: The state court denies the motion.
>
> May 8, 2015: Petitioner does not appeal, and the ruling becomes final.
>
> **- 90 days pass -**
>
> August 6, 2015: Petitioner files a second motion to withdraw his plea.
>
> Sept. 11, 2015: The state court denies the motion.
>
> Oct. 8, 2015: Petitioner files a motion to reconsider.
>
> Oct. 28, 2015: The state court denies the motion.
>
> Nov. 28, 2015: Petitioner does not initially appeal, and the ruling becomes final.
>
> **- 44 days pass -**
>
> Jan. 11, 2016: Petitioner files another motion to reconsider.
>
> Feb. 4, 2016: Petitioner files an untimely appeal of the October 28, 2015 order, which is later dismissed with no impact on the timeline. *See U.S. v. Terrones-Lopez*, 447 F. App'x 882, 884-85 (10th Cir. 2011).

---

[1] The Court assumes, without deciding, that a 30-day appeal period should be added each time the state court denied a motion by Davis. This calculation method benefits Davis and does not change the result in this case.

May 23, 2016: The state court denies the Jan. 11, 2016 motion to reconsider.

June 23, 2016: Petitioner does not appeal that order, and the ruling becomes final.

**- 510 days pass –**

Nov. 15, 2017: Petitioner files a state habeas petition.

Jan. 4, 2018: The state court denies the petition.

March 19, 2018: The New Mexico Supreme Court ("NMSC") denies certiorari review, and the matter becomes final.[2]

**-277 days pass-**

Dec. 21, 2018: Petitioner files another motion to reopen.

Jan. 8, 2019: The state court denies the motion.

*See* Doc. 1; Case No. D-905-CR-2012-00443; Case No. S-1-SC-36840.

On March 4, 2019, Petitioner filed the instant § 2254 proceeding in this Court (Doc. 1). He contends that: the state judgment contains restrictions that were not included in the plea agreement; the state court's actions were arbitrary and prejudicial; and counsel rendered ineffective assistance. (Doc. 1 at 5, 7, 8, and 10). By an Order to Show Cause entered June 17, 2019, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. *See* Doc. 3; *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order set forth the legal standard for statutory/equitable tolling and set a deadline of July 17, 2019 for Petitioner to show cause why the case should not be

---

[2] The Court previously stated that the trial court, rather than the NMSC, denied the November 15, 2017 habeas petition on March 16, 2018. However, this Order clarifies that the NMSC denied certiorari review on March 16, 2018, and the matter become final the next business day (Monday, March 19, 2018). Such clarification has no impact on tolling or on the one-year limitation period.

3

dismissed. Petitioner filed his show-cause response on July 15, 2019 (Doc. 4), and the matter is ready for review.

## III. Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

The Court carefully reviewed the docket in Petitioner's criminal case and determined that the criminal judgment became final, at the latest, on March 10, 2014. *See Locke v. Saffle,* 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). For simplicity, the Order to Show Cause (Order) assumed that the one-year period was tolled through June 23, 2016, when the appeal period

4

expired in connection with Petitioner's fourth motion to reopen/reconsider. (Doc. 3 at 4). The Order noted there was no tolling activity during the next year; the one-year limitation expired no later than June 23, 2017; and the § 2254 petition filed on March 4, 2019 is time-barred. *Id.* The show-cause response raises two tolling arguments, which are discussed below.

I. <u>Statutory Tolling Based on the Untimely Appeal</u>

Petitioner objects to the finding that there was no tolling activity between June 23, 2016 and June 23, 2017. (Doc. 4 at 1). He argues that the one-year period should be tolled based on his first post-conviction appeal, which was pending between February 4, 2016 and March 13, 2017. *See* NTC: of Appeal in Case No. D-905-CR-2012-00443. However, the NMSC dismissed the appeal as untimely. *See* Order Denying Petition in Case No. S-1-SC-36005.[3] The Tenth Circuit has consistently held that "untimely notices of appeal d[o] not delay the onset of the [one-year habeas] limitations period." *Terrones-Lopez*, 447 F. App'x at 884-85; *see also Sherratt v. Friel*, 275 F. App'x 763, 767 (10th Cir. 2008) ("The pendency of an untimely appeal … is not considered 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244); *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016) (concluding that untimely post-conviction appeal "did not statutorily toll the federal limitations period"); *Hoggro v. Boone*, 150 F.3d 1223, 1226 n. 4 (10th Cir. 1998) (same). Therefore, as a matter of law, Petitioner is not entitled to tolling during the pendency of his untimely 2016 appeal, and the timeline set forth above is correct. The one-year period expired no later than June 23, 2017, and the 2019 § 2254 petition is untimely.

---

[3] Petitioner's exhibits reflect that he initially filed the certiorari appeal in the New Mexico Court of Appeals ("NMCA"), and that the NMCA transferred the appeal to the NMSC. (Doc. 4 at 3). This transfer has no impact on tolling or the one-year period.

Alternatively, even if the Court credited Petitioner for the pendency of his untimely post-conviction appeal, his § 2254 petition would still be time-barred. If the Court awarded credit for all possible tolling scenarios, the timeline would read as follows:

March 10, 2014: The Judgment becomes final.

April 23, 2014: Petitioner files the first motion to withdraw his plea.

April 7, 2015: The state court denies the motion.

May 8, 2015: Petitioner does not appeal, and the ruling becomes final.

**- 90 days pass, and the one-year period is running -**

August 6, 2015: Petitioner files a second motion to withdraw his plea.

Sept. 11, 2015: The state court denies the motion.

Oct. 8, 2015: Petitioner files a motion to reconsider.

Oct. 28, 2015: The state court denies the motion.

Jan. 11, 2016: Petitioner files another motion to reconsider.

Feb. 4, 2016: Petitioner files an untimely appeal from the October 28, 2015 order.

May 23, 2016: The state court denies the Jan. 11, 2016 motion to reconsider.

June 23, 2016: Petitioner does not appeal that order, and the ruling becomes final.

March 20, 2017: The NMSC denies the untimely certiorari appeal.

March 21, 2017: The matter becomes final on the next business day.

**- 239 days pass, and the one-year period is running –**

Nov. 15, 2017: Petitioner files a state habeas petition.

Jan. 4, 2018: The state court denies the petition.

March 16, 2018: The New Mexico Supreme Court denies certiorari review.

March 19, 2018: The matter becomes final on the next business day (Monday).

- **277 days pass, and the one-year period is running -**

Dec. 21, 2018: Petitioner files another motion to reopen.

Jan. 8, 2019: The state court denies the motion.

Feb. 8, 2019: Petitioner does not appeal, and the ruling becomes final.

- **24 days pass, and the one-year period is running -**

March 4, 2019: Petitioner files the federal § 2254 petition.

*See* Doc. 1; Case No. D-905-CR-2012-00443; Case No. S-1-SC-36840.

As demonstrated above, 630 days elapsed after the criminal judgment became final, but before Petitioner filed his federal § 2254 action. Petitioner therefore failed to file his § 2254 action within the one-year limitation period, even assuming statutory tolling applied.

II. Merits Review & Equitable Tolling

In his show-cause response, Petitioner also argues that, based on the merits of his claims, the Court should overlook the time-bar. Specifically, he argues that plea counsel was ineffective, and that he never received a hearing in connection with his state post-conviction motions. (Doc. 4 at 1-2). Unfortunately, Federal Courts cannot consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA)…. The first of these barriers is timeliness."). Any alleged defects in the state proceedings therefore cannot save the otherwise untimely § 2254 Petition.

7

Petitioner also appears to ask the Court to apply equitable tolling, arguing that he made "diligent and relentless efforts … to learn and apply the guidelines, timelines, rules, and statutes at every level of [the] postconviction proceeding[s]." (Doc. 4 at 2). Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). Here, Petitioner explains that he thought the limitation period began on or about March 20, 2018, when the NMSC dismissed his second certiorari appeal. It appears that Petitioner did not understand that the one-year period was running between 2015 and 2017, when 329 days elapsed without tolling activity. This explains why he filed his § 2254 Petition almost exactly one year after the NMSC denied his second certiorari appeal in March 2018, but the § 2254 petition was still almost a year late.

While the Court is sympathetic to Petitioner's arguments and recognizes his efforts, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, [] does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney [] does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same). The Court

8

therefore cannot apply equitable tolling in this case.

For these reasons, the Court must dismiss the Petition as time-barred. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Michael Davis' 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED**; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
UNITED STATES DISTRICT JUDGE